# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00560-CR

**Robert Paradise, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT NO. B-12-0414-SB, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Robert Paradise pled guilty to the charge of arson, *see* Tex. Penal Code § 28.02(a) (setting out elements of offense), and stipulated to the enhancement paragraph of the indictment. The trial court deferred adjudication of the offense, *see* Tex. Code Crim. Proc. art. 42.12, § 5, and placed appellant on community supervision for eight years. Subsequently, the State moved to revoke appellant's community supervision, alleging that appellant had violated the conditions of his deferred adjudication agreement, *see id.* § 21, and at the conclusion of a revocation hearing, the trial court adjudicated appellant guilty and sentenced him to forty years imprisonment and payment of restitution. *See id.* § 23; Tex. Penal Code § 12.32.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that

there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 80-82 (1988). Appellant's counsel has represented to the Court that he provided copies of the motion and brief to appellant; advised appellant of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided appellant with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Taylor v. Texas Dep't of Protective & Regulatory Svcs.*, 160 S.W.3d 641, 646-47 n.4 (Tex. App.—Austin 2005, pet. denied). Appellant requested and received the appellate record, as well as additional time to file a pro se brief. Appellant also requested the appointment of another attorney to consult with him.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous and without merit. Finding no arguable grounds for appeal, appellant's request for remand to the trial court for appointment of new counsel is denied. The deadline for appellant to file his pro se brief has run. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:  May 13, 2016

Do Not Publish

_____

overrules the last timely motion for rehearing filed. *See id.* R. 68.2.  The petition must be filed with the clerk of the Court of Criminal Appeals.  *Id.* R. 68.3(a).  If the petition is mistakenly filed with this Court, it will be forwarded to the Court of Criminal Appeals.  *Id.* R. 68.3(b).  Any petition for discretionary review should comply with the rules of appellate procedure. *See id.* R. 68.4.  Once this Court receives notice that a petition has been filed, the filings in this case cause will be forwarded to the Court of Criminal Appeals.  *See id.* R. 68.7.